UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.M.Y.G., | No. 1:25-cv-01942-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").[1] Petitioner raises claims that are functionally identical to those this Court has already addressed in prior

---

[1] Petitioner also requests to proceed under a pseudonym. (ECF No. 3.) "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted). The Court grants Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in her petition. (*See* ECF No. 3.) Petitioner also agrees to disclose his identity to Respondents, thus the prejudice to Respondents appears to be minimal. (*Id.* at 3.) Petitioner's request is also unopposed by Respondents. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a pseudonym for her name. Accordingly, the Court finds good cause to grant Petitioner's request.

orders. Petitioner entered the country in August 2023, and she was detained on entry. (Pet. ¶ 14.) She was released from custody on her own recognizance and placed under supervision. (Reply (ECF No. 11) at 1; Pet. ¶ 24.) Petitioner has now been re-detained during a supervision check-in with ICE. (Pet. ¶ 28.) Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release.[2]

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025). For the reasons stated in those cases, Petitioner has established that she has a likelihood of success on the merits. Petitioner has a clear liberty interest in her continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. *See*

---

[2] Petitioner states that when she was re-detained, she was told she was taken into custody for "failing to report on time." (*See* ECF No. 1-2 ¶ 6.) But Petitioner states that she had not missed a check-in, and no further explanation was provided for the alleged violation. (*Id.*) Despite having the opportunity to do so, Respondents have not identified any change in circumstances that would warrant her detention.

*Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

Respondents' Opposition only raises arguments that have previously rejected by this Court regarding the applicability of 8 U.S.C. § 1225. (Opp'n (ECF No. 1) at 2.) Respondents' Opposition is also entitled "Motion to Dismiss" but Respondents do not raise any argument for dismissal in the body of their filing. Accordingly, Respondents' Motion is denied. The Court will grant Respondents request to stay the briefing of the merits of the petition in this case pending the decision *Rodriguez v. Bostock*, No. 25-6842.

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Request to Proceed under Pseudonym (ECF No. 3) is GRANTED.
2. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is GRANTED.
3. Respondents are ordered to immediately release Petitioner C.M.Y.G from their custody. Respondents shall not impose any additional restrictions on her, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of

1  establishing, by clear and convincing evidence, that Petitioner poses a
2  danger to the community or a risk of flight, and Petitioner shall be allowed
3  to have her counsel present.
4  5. Respondents are ORDERED TO SHOW CAUSE on or before January 5,
5  2025, as to why this Court should not issue a preliminary injunction on the
6  same terms as this Order.  The Respondents' failure to respond to the Order
7  to Show Cause shall be construed as its non-opposition to the Court
8  granting a Preliminary Injunction on the same terms and conditions imposed
9  in this Order. See L.R. 230(c).  On or before January 8, 2025, Petitioner may
10 file a Reply, if any.  The Preliminary Injunction is not currently set for a
11 hearing, but the Court may subsequently order one if it determines a
12 hearing is necessary.
13 6. Respondents' Motion to Dismiss (ECF No. 10) is DENIED.
14 7. Aside from the briefing on preliminary injunction ordered above, the merits
15 of this matter are STAYED pending the Ninth Circuit's decision in the appeal
16 of *Rodriguez v. Bostock*, 25-6842.

IT IS SO ORDERED.

Dated:   **December 29, 2025**

*[signature: Daniel J. Calabretta]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4